**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **3:93-CR-0054-G(01)** |
| | ) | **(3:06-CV-0159-G)** |
| **SIME HICKSON, #24252-077,** | ) | **ECF** |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined in the federal prison system. The Court has not issued process in this case, pending preliminary screening. See Rule 4 of the Rules Governing § 2255 Proceedings.

Statement of the Case: Following his plea of not guilty, a jury convicted Movant of counts five through 12 of a superseding indictment, which charged him with car jacking and aiding and abetting, using and carrying a firearm during a crime of violence and aiding and abetting, and obstructing commerce by robbery and aiding and abetting in violation of 19 U.S.C. § 2119 & 2, 18 U.S.C. § 924(c)(1) & 2, and 18 U.S.C. § 1951(a) & 2. See United States v. Hickson, 3:93cr054-G(01) (N.D. Tex., Dallas Div.). On September 16, 1993, the District Court

entered judgment sentencing him to a total sentence of 990 months imprisonment, and a two-year term of supervised release. Id. The remaining counts were dismissed on the government's motion. The Fifth Circuit Court of Appeals affirmed his conviction on direct appeal.

On January 24, 2006, Movant filed this § 2255 motion challenging the enhancement of his sentence under the recent Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).[1]

Findings and Conclusions: The Fifth Circuit Court of Appeals has squarely held that Booker does not apply retroactively on collateral review to a first § 2255 motion. See United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005). Thus, Booker does not provide a basis for relief to a defendant, such as the one in this case, whose conviction became final before the case was decided. Id. at 603-04 & n. 2. Accordingly, Movant's claim pursuant to Booker fails and his § 2255 motion should be denied.

The Court further notes that Movant's § 2255 motion is barred by the one-year statute of limitations. See 28 U.S.C. § 2255 ¶ 6. Movant's conviction became final in January 1995, when the Supreme Court denied his petition for writ of certiorari. See United States v. Thomas, 203

---

[1] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), this § 2255 motion is deemed filed on January 10, 2006, the date on which Movant signed his motion and purportedly handed it to prison officials for mailing.
    In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and reaffirmed in Blakely v. Washington, 542 U.S. 296, 120 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756. See also Padilla v. United States, 416 F.3d 424, 426 n. 1 (5th Cir. 2005). The Booker Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. Booker, 543 U.S. at 245, 125 S.Ct. at 756-57.

F.3d 350, 355 (5th Cir. 2000); see also Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1532 (2005) (following same approach in a petition under 28 U.S.C. § 2254).  Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek relief under § 2255.  See United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998).

In his § 2255 motion, Movant relies on Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478 (2005), to argue that of 28 U.S.C. § 2255 ¶ 6(3) "makes new rules cognizable within one year of being issued by the Supreme Court," thus rendering his § 2255 motion timely filed.  (See § 2255 Mot. at 12).

Absent a ruling by the Supreme Court or the Fifth Circuit that Booker is retroactively applicable to collateral review cases, ¶ 6(3) is inapplicable to render this § 2255 motion timely filed.  See United States v. Davis, 2005 WL 2217583, *2, No. 3:02cr405-N (N.D. Tex., Dallas Div. Sept. 8, 2005) (findings, conclusions and recommendation of the magistrate judge adopted by the District Court on Oct. 13, 2005); United States v. Espinoza, No. 3:97cr257-G, 3:04cv2505-G (N.D. Tex., Dallas Div., Sept. 2, 2005) (findings, conclusions and recommendation adopted Sept. 22, 2005).  Therefore, Movant's reliance on ¶6(3), to calculate the limitations period from the date the Supreme Court decided Booker is premature.[2]

---

[2] The Court acknowledges that, if the Supreme Court ultimately decides Booker is retroactively applicable, Movant will have to have filed his § 2255 motion not later than January 12, 2006.  Dodd , 125 S.Ct. at 2482 (limitations period under § 2255 ¶ 6(3) begins to run on the date on which the Supreme Court initially recognizes the right asserted).  Thus, assuming the rule set forth in Dodd remains unchanged and Congress does not intervene, Movant will be unable to obtain relief under Booker, even if the Supreme Court eventually determines the case should be applied retroactively on collateral review.  This harsh result, however, is merely a consequence of a statute that Congress has enacted and that the Supreme Court is "not free to rewrite." See id.  Furthermore, this harsh result does not give this Court license to ignore binding

3

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.

A copy of this order will be mailed to Movant.

Signed this 16th of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

authority. As the law stands now, Movant is not entitled to relief under Booker, and this Court must apply the law. See Gentry, *supra.*

4